United States District Court
Southern District of Texas
**ENTERED**

December 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GILBERT SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:21-cv-00401 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Defendant Allstate Vehicle and Property Insurance Company's Motion for Partial Dismissal Under Rules 9(b) and 12(c)."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] The Court also considers the parties' "Joint Motion to Appear Via Zoom at Initial Pre-Trial Conference on December 14. [sic] 2021."[3] After considering the motions, record, and relevant authorities, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for judgment on the pleadings and **DENIES** entirely the parties' joint motion to appear via Zoom.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute. Plaintiff Gilbert Sanchez alleges that Defendant Allstate Vehicle and Property Insurance Company sold him an insurance policy and coverage, that Plaintiff sustained covered damages to his insured property as a result of Hurricane Hanna on July 26, 2020,

---

[1] Dkt. No. 2.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 6.

and that Defendant under-scoped damages and has refused to properly pay insurance proceeds under the parties' policy.[4]

Plaintiff originally filed in state court on March 1, 2021.[5] In his original petition, Plaintiff claimed that he sought "monetary relief, the maximum of which is not more than $74,999.00. Plaintiff hereby states that he will neither seek nor accept more than $74,999.99. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury."[6] Defendant asserts that it was unable to remove this case to federal court at the time of Plaintiff's original petition "[d]ue to Plaintiff's failure to plead the amount in monetary relief sought" in accordance with Texas Rule of Civil Procedure 47(c).[7] After Defendant excepted to Plaintiff's petition,[8] Plaintiff finally served his live first amended petition on September 20, 2021, claiming "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties and attorney fees and costs" and removing Plaintiff's allegation that damages will not be greater than $74,999.99.[9] Defendant Allstate then removed the case to this Court on October 15th.[10]

Contemporaneous with its removal, Defendant filed the instant motion for partial dismissal.[11] The motion is ripe for consideration. The Court turns to its analysis.

---

[4] Dkt. No. 1-2 at 2, ¶¶ 5–12.
[5] Dkt. No. 1-3.
[6] *Id.* at 9, ¶ 48.
[7] Dkt. No. 1 at 2, ¶ 3.
[8] *See id.* at 2–3, ¶¶ 5, 8.
[9] Dkt. No. 1-2 at 9, ¶ 48.
[10] Dkt. No. 1; *see id.* at 4, ¶ 12 (first citing 28 U.S.C. §§ 1446(b)(3), 1446(c)(1); and then citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quotation omitted) ("[T]he thirty-day removal period under the first paragraph is triggered only where the initial pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.")) ("Plaintiff's First Amended Petition provided Allstate with the 'amended pleading … or other paper' it needed to ascertain that this matter was removable; until such time, Allstate was unable to ascertain whether Plaintiff sought recovery in excess of $75,000 and thus whether diversity jurisdiction's requirements had been met.").
[11] Dkt. No. 2.

## II. DISCUSSION

### a. Jurisdiction and Venue

Defendant asserts that jurisdiction vests in this Court pursuant to 28 U.S.C. § 1332(a).[12] Plaintiff is a resident of Hidalgo County, Texas, and the insured property is located in Hidalgo County.[13] Plaintiff is therefore a citizen of Texas.[14] Defendant "is an Illinois corporation with its principal place of business in Cook County, Illinois"[15] so Defendant is a citizen of Illinois.[16]

In Plaintiff's original state court petition filed on March 1, 2021, Plaintiff alleged that he sought monetary relief of no more than $74,999.99.[17] However, Plaintiff also alleged that he sought "three times his actual damages,"[18] which Plaintiff's December 2020 demand letter had already placed at $45,053.65.[19] At the time of his original petition, Plaintiff was therefore plausibly seeking $135,160.95. Contrary to Defendant's assertion that it was unable to remove the case at the time Defendant received Plaintiff's original petition,[20] Defendant was actually on notice under 28 U.S.C. § 1446(b)(1)(B) that the case was removable to federal court. Had Defendant wished to remove, it should have done so within thirty days of being served.

Plaintiff did not file his live pleading, his First Amended Petition, until September 20th.[21] Defendant subsequently removed on October 15th.[22] Although Plaintiff could have filed a motion

---

[12] Dkt. No. 1 at 1.

[13] Dkt. No. 1-2 at 1–2, ¶¶ 2, 6.

[14] *See MidCap Media Fin. v. Pathway Data, Inc.*, 929 F3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)) ("For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'").

[15] Dkt. No. 5 at 1, ¶ 1.

[16] *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (holding that a corporation is a citizen of the state where it is incorporated and where its headquarters are located).

[17] Dkt. No. 1-3 at 9, ¶ 48.

[18] *Id.* at 7, ¶ 40.

[19] Dkt. No. 1-15 at 3, § III.

[20] Dkt. No. 1 at 2, ¶ 3 (footnote omitted) ("Due to Plaintiff's failure to plead the amount in monetary relief sought, as per Texas Rule of Civil Procedure 47(c)'s requirements, Allstate was prevented from removing this matter at that time.").

[21] Dkt. No. 1-2.

[22] Dkt. No. 1.

to remand noting Defendant's procedural defect by November 15th,[23] Plaintiff's failure to file a timely motion to remand effectively waived Plaintiff's ability to move to remand on the ground of Defendant's procedural defect.[24]

Turning instead to Plaintiff's First Amended Petition, Plaintiff's live pleading demands "monetary relief of $250,000 or less."[25] Plaintiff's demand letter, dated December 13, 2020, seeks $52,586.43 in damages for compensatory damages, attorney fees, a penalty, and interest.[26] The demand letter is an indicator of the amount in controversy.[27] Plaintiff's live pleading prays for, among other things, treble damages,[28] and Defendant now points out that trebling Plaintiff's presuit demand would calculate to an amount in controversy over $75,000.[29] The Court agrees that Defendant has demonstrated by a preponderance of the evidence that Plaintiff seeks more than $75,000.[30] The Court therefore holds that it has jurisdiction over this case under 28 U.S.C. § 1332.

With respect to venue, Plaintiff confusingly pleads that his "insured property is situated in Webb County, Texas"[31] but that it is also located in Edinburg, which is in Hidalgo County, Texas.[32] Plaintiff filed suit in the 92nd District Court,[33] which is in Hidalgo County.[34] The Court therefore

---

[23] 28 U.S.C. § 1447(c).

[24] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)) ("[T]he time limit for removal is not jurisdictional; it is merely modal and formal and may be waived."), *superseded by statute on other grounds as recognized in Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019).

[25] Dkt. No. 1-2 at 9, ¶ 48.

[26] Dkt. No. 1-15 at 3, § III.

[27] *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) ("In addition to the complaint itself, we must look as well to other evidence relevant at the time St. Paul filed its complaint for declaratory relief.").

[28] Dkt. No. 1-2 at 9.

[29] Dkt. No. 1 at 10, ¶ 29.

[30] *Id.* at 7, ¶ 19 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[A] removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

[31] Dkt. No. 1-2 at 1, ¶ 4 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.032 (West 2021)).

[32] *Id.* at 2, ¶ 6.

[33] *See* Dkt. No. 1-2.

[34] *See* TEX. GOV'T CODE ANN. § 24.194 (West 2021).

discounts Plaintiff's allegation that the insured property is located in Webb County and holds that venue is proper in this Division.[35]

### b. Legal Standard

The Court uses the Federal Rules of Civil Procedure and federal pleading standards to test a complaint.[36] Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed." "[F]or purposes of 12(c), 'the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed.'"[37] Because Plaintiff filed his live pleading in state court[38] and Defendant filed its answer in this Court,[39] a motion for judgment on the pleadings is ripe.[40] A Rule 12(c) motion is analyzed under the Rule 12(b)(6) standard.[41] "[T]he inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits."[42]

Under Rule 12(b)(6), "[a] motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[43] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain

---

[35] *See* 28 U.S.C. § 1391(b)(2)  ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

[36] *Fonseca v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:20-cv-358,  2020 WL 7497018,  at *4 & nn.64, 66 (S.D. Tex. Dec. 21, 2020)  (Alvarez, J.); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 201 (5th Cir. 2016).

[37] *Mandujano v. City of Pharr*, 786 F. App'x 434, 436 (5th Cir. 2019)  (per curiam) (quoting 5C ARTHUR R. MILLER & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 1998 & Supp. Apr. 2019)).

[38] *See* Dkt. No. 1-2.

[39] Dkt. No. 3.

[40] *Cf. Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015).

[41] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[42] *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

[43] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[44] In evaluating a motion to dismiss, courts first disregard any conclusory allegations or legal conclusions[45] as not entitled to the assumption of truth,[46] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[47] Naked assertions devoid of factual enhancement, formulaic recitations of the elements of a cause of action, threadbare conclusory statements, and allegations that "do not permit the court to infer more than the mere possibility of misconduct" will not suffice.[48] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[49] The Court reads the complaint as a whole[50] and accepts all well-pleaded facts as true (even if doubtful or suspect[51]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[52]), but will not strain to find inferences favorable to the plaintiff,[53] but also will not indulge competing reasonable inferences

---

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[45] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

[46] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[47] *Iqbal*, 556 U.S. at 678–79; *see Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[48] *Iqbal*, 556 U.S. at 678–79.

[49] *Id.*; *see In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quotation omitted) (holding that the "standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements").

[50] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[51] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[52] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'")).

[53] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

that favor the defendant.[54] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[55] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible"[56] because discovery after permitting a complaint to survive a motion to dismiss is not a license to fish for a colorable claim.[57] The complaint must allege more than facts merely consistent with a defendant's liability;[58] the complaint must plead every material point necessary to sustain recovery and dismissal is proper if the complaint lacks a requisite allegation.[59] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[60] A plaintiff need not plead evidence[61] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession.[62] The Court is to give a liberal construction to the pleadings and disentitle a plaintiff from offering evidence to clarify and support their theories of liability only if there is no basis for liability.[63]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial

---

[54] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[55] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[56] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Twombly*, 550 U.S. at 570).

[57] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[58] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

[59] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[60] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))

[61] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 241 (5th Cir. 2016).

[62] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

[63] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").

notice.[64] Attachments to the complaint become part of the pleadings for all purposes,[65] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[66] except in the case of affidavits.[67] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[68] but not if the material to be considered is a matter of public record[69] or a website[70] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[71]

In addition, Federal Rule of Civil Procedure 9(b) requires that a plaintiff, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[72] For example, "[c]laims alleging violations of the Texas Insurance Code and the [Texas Deceptive Trade Practices-Consumer Protection Act] and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent

---

[64] *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018).
[65] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[66] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)).
[67] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[68] FED. R. CIV. P. 12(d).
[69] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[70] *Hyder v. Quarterman*, No. CIV.A. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) (Owsley, J.) (citing *Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) & *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam)).
[71] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[72] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).

misrepresentation are subject to [Federal Rule 9(b)'s] requirements."[73] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, a plaintiff must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[74] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[75] Nevertheless, "fraud may be pleaded without long or highly detailed particularity."[76]

To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[77] The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; a plaintiff must delineate which defendant is responsible for which allegedly fraudulent activity.[78] Courts

---

[73] *Janssen v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-21-CV-00750-JKP, 2021 WL 4200618, at *1 (W.D. Tex. Sept. 14, 2021) (third alteration in original) (quoting *Frith*, 9 F. Supp. 2d at 742) (first citing *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10-cv-4519, 2012 WL 4052914, at *4 (S.D. Tex. Sept. 13, 2012) (Harmon, J.); and then citing *Lone Star Ladies Inv. Club*, 238 F.3d at 368); *cf. Tommaso v. State Farm Lloyds*, No. 7:15-cv-00274, 2016 WL 6883042, at *3 (S.D. Tex. Sept. 28, 2016) (Alvarez, J.) (applying Rule 9(b) to a Texas Insurance Code § 541.060(a)(1) claim because the claim was "ultimately grounded in fraud").

[74] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (first quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); and then quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)); *see Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.").

[75] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).

[76] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).

[77] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

[78] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)); *see Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted) (the allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud").

will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[79]

### c.  Analysis

#### 1.  Statutory Claims

Defendant Allstate first challenges Plaintiff Sanchez's Texas Insurance Code chapters 541 and 542 claims.[80]  Under Texas Insurance Code § 541.060(a)(1), it is unlawful for an insurer to "misrepresen[t] to a claimant a material fact or policy provision relating to coverage at issue." The Court applies fraud pleading standards to this claim.[81]  Plaintiff's specific allegations of misrepresentations are as follows:

10.  Defendant "made representation [sic] that the policy the Plaintiff have [sic] with Defendant specifically excluded some repairs;"

13.  Defendant "misrepresented to Plaintiff there was no damage to areas of the home that was [sic] damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full;"

15.  "Defendant ALLSTATE failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made;" and

26.  "Defendant ALLSTATE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance."[82]

The Court finds these allegations insufficient to state a claim for fraud under Texas Insurance Code § 541.060(a)(1). Plaintiff fails to identify the speaker beyond Defendant Allstate's corporate entity

---

[79] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

[80] Dkt. No. 2 at 5, ¶ 18.

[81] *See Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) (collecting cases) ("Plaintiff objects to dismissal of any claims under the Texas Insurance Code or DTPA, and thus presumably the reformed conspiracy claim. Plaintiff argues those claims are not subject to the strictures of Rule 9(b) as they are not fraud-based claims. Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA.").

[82] Dkt. No. 1-2 at 2–5, ¶¶ 10, 13, 15, 26.

and fails to allege when and where the alleged misrepresentations were made.[83] To the extent Plaintiff attempts to state a cause of action under § 541.060(a)(1), such claim is **DISMISSED**.

Under Texas Insurance Code § 541.060(a)(2)(A), it is unlawful for an insurer to fail "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Plaintiff alleges that Defendant violated this subsection,[84] but Defendant argues that Plaintiff's allegations are insufficient and conclusory.[85] An insurer's liability becomes reasonably clear when the insured shows that: "(1) the policy covers the claim, (2) the insured's liability is reasonably clear, (3) the claimant has made a proper settlement demand within policy limits, and (4) the demand's terms are such that an ordinarily prudent insurer would accept it. These elements comprise the statutory liability standard against which to measure legal sufficiency."[86] Although Plaintiff makes few allegations concerning his settlement demand,[87] Defendant attached Plaintiff's settlement demand to its Notice of Removal and relied upon it to establish diversity jurisdiction.[88] Accordingly, the Court may consider the attached demand letter.[89] In the demand letter, Plaintiff asserted that his insurance policy covers his property damages, that Defendant is liable but has failed to pay, and that Plaintiff demands a total of $52,586.43.[90] Such demand is within the "$388,224 in total policy coverages."[91] Considering Plaintiff's allegations and his demand letter together, the Court does not agree that

---

[83] *See supra* note 74.
[84] Dkt. No. 1-2 at 3, ¶ 14.
[85] Dkt. No. 2 at 9, ¶ 24.
[86] *Rocor Int'l v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex. 2002), *cited in In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 274 n.15 (Tex. 2021).
[87] *See* Dkt. No. 1-2 at 2, ¶¶ 9–10.
[88] Dkt. No. 1 at 5, ¶ 13.
[89] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").
[90] Dkt. No. 1-15.
[91] Dkt. No. 1 at 9, ¶ 26.

Plaintiff's claim under § 541.060(a)(2)(A) is impermissibly conclusory because it alleges all required elements of a proper § 541.060(a)(2)(A) claim. Defendant's motion for judgment on the pleadings is **DENIED** to the extent Defendant moves to dismiss Plaintiff's claim under § 541.060(a)(2)(A).

Defendant vaguely attacks Plaintiff's Texas Insurance Code § 541.060(a)(3) claim.[92] Under that section, it is unlawful for an insurer to fail "to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."[93] Plaintiff alleges that

> Defendant ALLSTATE failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant ALLSTATE failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant ALLSTATE did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.[94]

The Court holds that Plaintiff's foregoing allegations sufficiently allege that Defendant violated § 541.060(a)(3) by failing to reasonably explain its denial.[95] Defendant's motion for judgment on the pleadings is **DENIED** to the extent Defendant moves to dismiss Plaintiff's claim under § 541.060(a)(3).

Defendant next challenges Plaintiff's Texas Insurance Code §§ 542.056 and 542.058 claims.[96] Under § 542.056(a), an insurer must notify the insured claimant whether the insurer accepts or rejects the claim "not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." For this

---

[92] *See* Dkt. No. 2 at 7, ¶ 21.
[93] TEX. INS. CODE ANN. § 541.060(a)(3) (West 2021).
[94] Dkt. No. 1-2 at 3, ¶ 15.
[95] *See generally Tex. Windstorm Ins. Ass'n v. James*, No. 13-17-00401-CV, 2020 Tex. App. LEXIS 6719, at *54 (Tex. App.—Corpus Christi Aug. 20, 2020, pet. filed).
[96] Dkt. No. 2 at 10, ¶¶ 26–27.

claim, Plaintiff merely alleges that "Defendant ALLSTATE failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information."[97] Plaintiff provides no other factual allegations, such as when Defendant received all necessary items to issue its determination or even whether or when Defendant issued its determination. The Court therefore agrees with Defendant that Plaintiff's claim under § 542.056(a) is insufficient because it is threadbare and conclusory.[98]  To the extent Plaintiff attempts to state a cause of action under § 542.056, such claim is **DISMISSED**.

Texas Insurance Code § 542.058(a), similar to § 542.056(a), provides: "Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages . . . ." Again, Plaintiff wholly fails to allege when he (or even that he) transmitted all items, statements, and forms.[99] Plaintiff offers no factual allegations to substantiate that Defendant has unlawfully delayed payment of an insurance claim. Accordingly, to the extent Plaintiff attempts to state a cause of action under § 542.058, such claim is **DISMISSED**.

### 2. Common Law Claims

Defendant next moves to dismiss Plaintiff's breach of the covenant of good faith and fair dealing claim.[100] However, the sufficiency of a claim for breach of the covenant of good faith and fair dealing is coextensive with statutory claims under Texas Insurance Code § 541.060(a)(2)–

---

[97] Dkt. No. 1-2 at 4, ¶ 17.
[98] Dkt. No. 2 at 10, ¶ 26 (citing *Abdon v. State Farm Lloyds*, No. 7:17-cv-00006, 2017 WL 3535441, at *3 (S.D. Tex. Aug. 17, 2017) (Alvarez, J.) ("It is thus impossible to know whether or not Defendant responded within a 'reasonable time' as required by TIC § 541, or whether Defendant timely notified Plaintiff of acceptance or rejection of the claim within fifteen days of the date the claim was made, as required by TIC § 542.056(a).")).
[99] *See* Dkt. No. 1-2 at 4, ¶ 18.
[100] Dkt. No. 2 at 10, ¶ 24.

(3).[101] Because the Court declined to dismiss Plaintiff's claims under those statutory subsections, for those same reasons, the Court declines to dismiss Plaintiff's similar common law claims. Defendant's motion for judgment on the pleadings is **DENIED** to the extent Defendant moves to dismiss Plaintiff's claim for a breach of the covenant of good faith and fair dealing.

Defendant also attacks Plaintiff's common law fraud claims.[102] Plaintiff's allegations regarding his common law fraud claim are as follows:

20. Defendant ALLSTATE knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

33. Defendant ALLSTATE is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendant ALLSTATE knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.[103]

Defendant argues that, "[f]or the same reasons that Plaintiff's statutory misrepresentation claims under the Texas Insurance Code must be dismissed, his common-law fraud claim must likewise be dismissed."[104] The Court agrees. As was the case with Plaintiff's claim under Texas Insurance Code § 541.060(a)(1), Plaintiff fails to identify any particular speaker (beyond Defendant's corporate entity) that allegedly made false representations or when and where such

---

[101] *Luna v. Nationwide Prop. & Cas. Ins. Co.*, 798 F. Supp. 2d 821, 830 & n.15 (S.D. Tex. 2011) (Harmon, J.); *see Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 283 (Tex. 1994) ("A cause of action is stated when the insured alleges that the insurer had no reasonable basis for the denial or delay in payment of a claim and that the insurer knew or should have known of that fact.").
[102] Dkt. No. 2 at 12–13, ¶ 29.
[103] Dkt. No. 1-2 at 4–7, ¶¶ 20, 33–35.
[104] Dkt. No. 2 at 13, ¶ 30.

misrepresentations were made.[105] To the extent Plaintiff attempts to state a cause of action for common law fraud, such claim is **DISMISSED**.

In conclusion, for the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for partial judgment on the pleadings.[106] Defendant's motion is **GRANTED** to the extent that Plaintiff's claims under Texas Insurance Code §§ 541.060(a)(1), 542.056, and 542.058 and Plaintiff's claim for common law fraud are **DISMISSED WITHOUT PREJUDICE**. The Court **DENIES** the remainder of Defendant's motion. Plaintiff's claims under Texas Insurance Code §§ 541.060(a)(2) and 541.060(a)(3), and Plaintiff's claim for breach of the covenant of good faith and fair dealing, remain pending.

Because some of Plaintiff's claims remain pending, the Court presently addresses the parties' "Joint Motion to Appear Via Zoom at Initial Pre-Trial Conference on December 14. [sic] 2021."

### III. MOTION TO APPEAR BY ZOOM

In the brief joint motion, the parties move to appear by Zoom videoconference technology at the Court's December 14th initial pretrial and scheduling conference because of COVID-19.[107] The parties offer no other reasons beyond the presence of COVID-19.

The Court **DENIES** the motion. The McAllen Division's most recent special order governing COVID-19 operations expired and became ineffective on October 31, 2021.[108] The McAllen Division has resumed normal operations. COVID-19 does not, by itself, furnish an excuse from in-person appearances.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of December 2021.

Micaela Alvarez
United States District Judge

---

[105] *See supra* note 83 and accompanying text.
[106] Dkt. No. 2.
[107] Dkt. No. 6 at 1, ¶¶ 1–2.
[108] *In Re: Court Operations in the McAllen Division [sic] Under the Exigent Circumstances Created by the COVID-19 Pandemic*, Spec. Order No. M-2021-7 (S.D. Tex. Oct. 1, 2021), https://www.txs.uscourts.gov/sites/txs/files/Special%20Order%20M-2021-07%20Court%20Operations%20in%20the%20McAllen%20Division%20During%20COVID-19.pdf.